STATE OF NEBRASKA, APPELLANT, V. JAMES E.
LEVERING, APPELLEE.

331 N.W.2d 505

Filed March 11, 1983. No. 82-438.

Donald L. Knowles, Douglas County Attorney, S. W. Cooper, and Charles Campbell, for appellant.

Thomas M. Kenney, Douglas County Public Defender, and Michael F. Gutowski, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and MORAN, D.J.

HASTINGS, J.

This is a proceeding in error under Neb. Rev. Stat. § 29-2315.01 (Reissue 1979). Its purpose is to review the orders of the District Court in suppressing the testimony of the alleged robbery victim, Donald Playfoot, and of Deputy Sheriff Linda Valencia, in proceedings preliminary to trial. The defendant, James E. Levering, was charged with an August 24, 1981, robbery in Omaha. The State assigns as error the suppressing of the posthypnotic testimony of the

victim, as well as his testimony as to those events recalled and recorded prior to the hypnotic session. No error is assigned in suppressing the testimony of the deputy sheriff, although we will be required to discuss her testimony in order to resolve this appeal.

According to the victim's testimony, on August 24, 1981, his home in Omaha was entered by three black males who robbed him of property of value. After the robbers left he reported the incident to the Douglas County sheriff's department, and they sent Linda Valencia to take his report. As part of the suppression hearing, the State offered the testimony of Deputy Valencia as to what the victim had reported, as well as the written report itself, all of which were rejected by the court as hearsay. An offer of proof was made in the nature of the deputy sheriff's report itself, which was also rejected.

That report, dated August 24, 1981, contained a rather detailed description of the robbery of the victim. In addition, Deputy Sheriff William W. Black took a supplemental report from the victim on that same date, which was testified to by the officer at a suppression hearing. In that report the victim was quoted as saying that at approximately 12:30 a.m. he was reading in bed when he and his wife became aware of the presence of three armed, black males. He described in some detail the instructions given him by these intruders, including their demand that he show them where his money was located. During the remainder of the time while these three men were ransacking the house, he recalled the repeated demands made upon him not to look at their faces. He detailed the various items of property taken, then described the three men to the deputy sheriff as to age, height, and build, and in some instances furnished other characteristics of the alleged robbers.

The victim himself testified that on August 28, 1981, at the request of the sheriff's department, he was subjected to a hypnotic interview. According to

the testimony of Dr. George Bartholow, a licensed psychiatrist familiar with the use of hypnosis, he believes hypnosis to be a valuable tool in order to enhance and refresh memory. It was his opinion that the deputy sheriff who conducted the hypnotic interview was qualified to induce a hypnotic state, and from an examination of the recorded interview it was his judgment that the interview conducted with the victim was "excellent," and he saw no examples of leading questions or planting information.

As a result of the hypnotic interview, the victim was able to identify two of the men as having robbed him, one of whom was the defendant. According to the cassette tapes of the hypnotic interview, the facts of the alleged robbery were discussed in great detail, including the fact of the robbery and that it was perpetrated by three black men.

Both parties in their briefs agree that at the trial, held on April 30, 1982, neither the testimony of the victim nor of the deputy sheriff who took his initial report was permitted because of the suppression orders under consideration here. Also, a defense motion to dismiss due to insufficiency of the evidence was sustained in spite of the fact that the confession of the defendant was received in evidence.

It is apparent that the trial court sustained the defense motion to dismiss because the State failed to prove the corpus delecti. This could have been proved by testimony of the victim that he was robbed by three black men. That evidence, together with the defendant's confession, undoubtedly could have resulted in the defendant's conviction. That particular testimony of the victim, if permitted, would have related only to matters which he was able to recall and relate prior to hypnosis as to which there was sufficient evidence in the form of the deputy sheriff's report to satisfy the court that such evidence was known and related by the victim prior to hypnosis. That particular testimony should

718

not have been suppressed. See *State v. Patterson,*
*ante* p. 686, 331 N.W.2d 500 (1983).

We therefore conclude that the orders of the District Court suppressing that evidence were erroneous and the exceptions must be sustained.

EXCEPTIONS SUSTAINED.

WHITE, J., dissenting.

For the reasons stated in the dissent in *State v.*
*Patterson, ante* p. 686, 331 N.W.2d 500 (1983), I
dissent.

McCOWN, J., joins in this dissent.